UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTA MORALES,<br><br>Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR, INC.,<br><br>Defendant. | Civil Action No.<br><br>18-3758 (SDW) (LDW)<br><br><br>**REPORT AND RECOMMENDATION** |

### LEDA DUNN WETTRE, United States Magistrate Judge

This matter comes before the Court on plaintiff Marta Morales's motion to remand this action to the Superior Court of New Jersey, Law Division, Essex County for lack of subject matter jurisdiction. ECF No. 5. Defendant Family Dollar Stores of New Jersey, LLC ("Family Dollar" or "defendant")[1] opposes the motion. ECF No. 7. United States District Judge Susan D. Wigenton referred this motion to the undersigned for a Report and Recommendation. Having considered the parties' submissions, and for good cause shown, this Court recommends that plaintiff's motion be **DENIED**.

### I.   BACKGROUND

Plaintiff alleges in the Complaint that while in a Family Dollar store in Belleville, New Jersey, she tripped and fell on items scattered on the floor and in the aisles, causing her "severe permanent injuries" and "great physical pain and suffering." Compl., ECF No. 1-1 at 8-9, 11 (ECF pagination). She filed this negligence action against Family Dollar and fictitious defendants to

---

[1]   Defendant avers in its Notice of Removal that it was improperly named as "Family Dollar, Inc." but its true name is Family Dollar Stores of New Jersey, LLC. Notice of Removal, ECF No. 1 ¶ 1.

recover "general damages," medical expenses, loss of earnings, interest, and costs of suit. *Id.* at 12. The Complaint does not specify what physical injuries plaintiff sustained or the amount of damages she seeks. *See generally id.*

Plaintiff filed the action in the Superior Court of New Jersey, Law Division, Essex County in December 2017 and served defendant with process in February 2018. Defendant timely removed the action to this Court in March 2018, asserting subject matter jurisdiction based on diversity of citizenship. Notice of Removal, ECF No. 1.[2] Defendant asserts there is complete diversity of citizenship between the parties because the store in which plaintiff fell is operated by Family Dollar Stores of New Jersey, LLC, the sole member of which is Family Dollar Stores, Inc., a Delaware company having its principal place of business in North Carolina. *Id.* ¶¶ 11-14. Plaintiff, on the other hand, is a New Jersey resident. *Id.* ¶ 10.

Defendant asserted in its Notice of Removal that the $75,000 amount in controversy requirement is satisfied because plaintiff alleged "significant" injuries and plaintiff's counsel informed defendant's adjuster that plaintiff planned to undergo a spinal fusion procedure. *Id.* ¶¶ 2-3, 16. Based on this, defendant averred in the Notice of Removal that the amount in controversy would exceed $75,000. *Id.* Accordingly, defendant claims, this Court has subject matter jurisdiction under 28 U.S.C. § 1332. *Id.* ¶ 9.

Plaintiff now moves to remand this action to the Superior Court of New Jersey for lack of subject matter jurisdiction. ECF No. 5. Plaintiff does not dispute that the parties are citizens of different states and therefore diverse in their citizenship. She argues, however, that defendant has failed to meet its burden to prove that the amount in controversy is at least $75,000. *Id.* Plaintiff's

---

[2] Defendant answered the Complaint in April 2018 and filed crossclaims for contribution and indemnification against the fictitious defendants. ECF No. 3.

counsel certifies in support of remand that, contrary to defendant's averment in the Notice of Removal, he did not advise defendant's adjuster that plaintiff intended to undergo a spinal fusion procedure and further asserts that there are no medical records suggesting that plaintiff would or should undergo such a procedure. ECF No. 5-1 ¶ 4.

Defendant argues in opposition to the remand motion that plaintiff's counsel "failed to concede" in his certification that the amount in controversy did not exceed $75,000. ECF No. 7. It asserts that if plaintiff would agree to stipulate that the amount in damages would not exceed $75,000, it would consent to remand, but absent such a stipulation, removal is proper. *Id.* In reply, plaintiff argues that it is not obligated to stipulate that its damages are less than $75,000 to obtain remand and that defendant has not met its burden to establish that amount. ECF No. 10.

## II. DISCUSSION

A defendant may remove any civil action filed in state court to a federal district court having original jurisdiction over the action. 28 U.S.C. § 1441(a). When a party moves to remand an action to state court for lack of subject matter jurisdiction, the party asserting federal jurisdiction bears the burden to demonstrate that the case is properly before the Court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

A district court may hear any civil action in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Here, the parties do not dispute that there is diversity of citizenship, and the Court agrees. The citizenship of an LLC like defendant is determined by the citizenship

of its members, *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010), and defendant has demonstrated that it is a resident of Delaware and North Carolina, not New Jersey. Notice of Removal ¶¶ 11-15. Plaintiff, on the other hand, is a citizen of New Jersey. *Id.* ¶ 10; *see also* Compl. at ECF p. 7. Accordingly, the sole issue before this Court is whether the amount in controversy meets the $75,000 threshold.

To determine the amount in controversy, the Court must look primarily to the contents of the operative complaint at the time of removal. *Frederico*, 507 F.3d at 197; *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). The Third Circuit has provided a "roadmap" for determining whether a case should be remanded because the amount in controversy does not exceed $75,000. *Briggs v. Target Corp.*, Civ. A. No. 14-7165 (RBK), 2015 WL 1145127, at *2 (D.N.J. Mar. 13, 2015) (citing *Frederico*, 507 F.3d at 196). First, if there is a dispute over the relevant jurisdictional facts, the party asserting federal jurisdiction bears the burden to establish it by a preponderance of the evidence. *Id.*; *see also Raspa v. Home Depot*, 533 F. Supp. 2d 514, 518 (D.N.J. 2007); *Clark v. JC Penny Corp., Inc.*, Civ. A. No. 08-4083 (PGS) (ES), 2009 WL 1564175, at *3 (D.N.J. June 1, 2009). "Second, if jurisdictional facts are not in dispute, or if the court is satisfied with the sufficiency of the jurisdictional proof, the analysis turns to whether the jurisdictional amount is met with 'legal certainty.'" *Briggs*, 2015 WL 1145127, at *2 (quoting *Frederico*, 507 F.3d at 196). When, as here, a complaint is silent as to the value of the relief sought, "the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico*, 507 F.3d at 197; *see also Raspa*, 533 F. Supp. 2d at 521-22.

Following this roadmap, the Court concludes that remand is not warranted. First, the parties do not dispute the salient jurisdictional facts. Indeed, there is no dispute that plaintiff

4

alleges significant, permanent injuries due to defendant's actions or inactions and would be entitled to seek recovery under each category of damages she claims. *See* Compl. at 2-3, 5-6; Notice of Removal ¶¶ 4-5, 16; *see also Zanger v. Bank of America, N.A.*, Civ. A. No. 10-2480 (RBK), 2010 WL 3910142, at *3 (D.N.J. Oct. 1, 2010) (finding no dispute as to jurisdictional facts where removing party relied on factual allegations in the Complaint and there was no dispute that plaintiff was entitled to seek recovery under each category of alleged damages).

The Court notes that there is a dispute over whether plaintiff's counsel advised defendant's assigned adjuster that plaintiff will need spinal fusion surgery. Notice of Removal ¶ 2; ECF No. 5-1 at ¶ 4. Defendant has not met its burden to show, by a preponderance of the evidence, that plaintiff will undergo spinal fusion surgery. Plaintiff's counsel has certified that he did not advise defendant's adjuster that plaintiff will undergo the surgery and that there are no medical records to suggest that plaintiff would or should undergo the surgery. Given the lack of a certification from the adjuster or other evidence that directly refutes plaintiff's counsel's certification, defendant has not met its burden as to this fact. Nevertheless, and even assuming plaintiff will not undergo spinal fusion surgery, there is no dispute as to the salient jurisdictional facts—that plaintiff alleges severe injuries and seeks to recover multiple categories of damages. *See Venuto v. Atlantis Motor Grp. LLC*, Civ. A. No. 17-3363, 2017 WL 4570283, at *3 & n.1 (D.N.J. Oct. 13, 2017) ("Although the parties argue about certain jurisdictional facts in this case, the facts that matter— the facts on the face of Plaintiff's complaint—are not in dispute."). Accordingly, the Court now turns to the "legal certainty" analysis.[3]

---

[3] In any event, the Court is also satisfied with the sufficiency of jurisdictional proof, even absent the spinal fusion surgery allegations. *See Scioscia v. Target Corp.*, Civ. A. No. 08-2593, 2008 WL 2775710 (AET), at *2-3 (D.N.J. July 14, 2008) (declining to engage in jurisdictional fact-finding and concluding defendant met burden to show by a preponderance of the evidence that amount in controversy requirement was met because plaintiff alleged that she suffered

5

Plaintiff's Complaint does not specify the amount of damages she seeks. Therefore, the Court must recommend remand "if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico*, 507 F.3d at 197; *Raspa*, 533 F. Supp. 2d at 522.[4]

The Court cannot conclude with legal certainty that plaintiff could not recover $75,000. In personal injury cases, courts in this District have found that there is no legal certainty that a plaintiff cannot recover a jurisdictional amount if the plaintiff alleges severe and permanent injuries. *Dugan v. Acme Markets, Inc.*, Civ. A. No. 15-5267 (RBK), 2016 WL 266350, at *3 (D.N.J. Jan. 20, 2016); *Clark*, 2009 WL 1564175, at *3; *Briggs*, 2015 WL 1145127, at *4; *Fields v. Zubkov*, Civ. A. No. 08-2016 (WJM) (MF), 2008 WL 4447098, at *4 (D.N.J. Sept. 26, 2008), *remanded on other grounds*, 2008 WL 4561514 (D.N.J. Oct. 7, 2008). Indeed, "most removed personal injury cases will likely remain in federal court even if they involve a very minor injury—unless the plaintiff limits her damages below the jurisdictional limit." *Fields*, 2008 WL 4447098, at *4; *see also Avant v. JC Penney*, Civ. A. No. 07-1997 (JEI), 2007 WL 1791621, at *2 (D.N.J. June 19, 2007).

---

permanent injuries and physician described those injuries as significant, despite plaintiff's argument that her damages would fall below $75,000 because she elected not to undergo surgery for her injuries).

[4] Plaintiff cites several cases concluding that the party opposing jurisdiction had not met its burden to establish the jurisdictional amount where plaintiff's damages were unspecified and plaintiff alleged serious personal injuries. *See, e.g., Buchanan v. Lott*, 255 F. Supp. 2d 326, 331 (D.N.J. 2003); *Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 567 (D.N.J. 2000); *Sdregas v. Home Depot, Inc.*, Civ. A. No. 01-5851 (BWK), 2002 WL 32349815, at *2 (E.D. Pa. Apr. 5, 2002); *Fosbenner v. Wal-Mart Stores, Inc.*, Civ. A. No. 01-3358 (LAR), 2001 WL 1231761, at *1 (E.D. Pa. Oct. 12, 2001). Those cases, however, were decided before the Third Circuit clarified the roadmap for deciding the amount in controversy on a motion to remand in *Frederico*; at the time, district courts in this Circuit were in conflict regarding the defendant's burden of proving the amount in controversy on a motion to remand based on a preponderance of the evidence or legal certainty standard, among others, and how to apply those standards. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396-98 (3d Cir. 2004); *see also Frederico*, 507 F.3d at 193. Those cases do not bear on the Court's analysis.

Here, plaintiff's Complaint alleges that she suffered "severe permanent injuries to her body," "incurred medical expenses," "will incur medical and drug expenses through the rest of her natural life," and "sustained great physical pain and suffering." Compl. at 5-6. Furthermore, defendant states in its opposition that it would consent to remand should plaintiff stipulate that her damages do not exceed $75,000. ECF No. 7. Plaintiff responds that she is under no such obligation but would "resolve this matter immediately if Defendant will enter into a stipulation, without more, to issue a release to the Plaintiff for $70,000." ECF No. 10. Plaintiff's refusal to limit the damages she seeks "is indicative of [her] recognition that her damages may exceed $75,000." *Briggs*, 2015 WL 1145127, at *4. Therefore, because plaintiff alleges severe and permanent injury and has declined to limit the damages she seeks to under $75,000, the Court "cannot say to a legal certainty that she could not recover the amount in controversy," *id.*, and this case should not be remanded.

### III. CONCLUSION

For the reasons above, this Court respectfully recommends that the motion to remand be **DENIED**. The parties are hereby advised that, pursuant to Fed. R. Civ. P. 73(b)(2), they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated:

*Leda D. Wettre*
**Leda Dunn Wettre**
**United States Magistrate Judge**

Original: Clerk of the Court
cc: Hon. Susan D. Wigenton, U.S.D.J.
All Parties